# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | |
| **5621 VAN ZANDT STREET, HOUSTON, TEXAS 77016** | **NO. 20-00338-BAJ-EWD** |

# RULING AND ORDER

Before the Court is Claimant Martrell Harris's **Motion To Stay Civil Proceeding Pursuant To 18 USC § 981(g)(2) (Doc. 8)**, which seeks a stay of the above-captioned *in rem* proceedings. Claimant's Motion does not provide any argument or authority to support his request, but notes that he is the owner of the property targeted by the Government's *in rem* complaint, and, further, that he "is not aware of any currently pending federal or state indictment or outstanding arrest warrant against [him]." (*Id.* at ¶ 3)

The Government opposes Claimant's Motion, arguing that Claimant lacks standing to pursue a stay because Claimant has not, to date, filed an answer to the Government's complaint. (Doc. 9).[1]

---

[1] Claimant's motion indicates that the Government supports his request for a stay, stating "in a related February 8, 2021 status conference, the government did not oppose and in fact supported a stay of this civil forfeiture proceeding." (Doc. 8 at ¶ 5). The Government disputes this characterization, explaining that the February 8 conference involved a "separate matter, … a different defendant, and a different district judge," and that there has been no discussion among the parties of a stay in this proceeding. (Doc. 9 at 3).

     For present purposes, the Court will assume that the parties' diverging views of what occurred at the February 8 conference reflects a misunderstanding, not an intentional

18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern civil forfeiture proceedings such as this one. In relevant part, each requires that a person asserting an interest in seized property must first "file a claim asserting such person's interest in the property," and must thereafter "file an answer to the Government's complaint for forfeiture." 18 U.S.C. § 983(a)(4)(A) & (B); *see also* Supp. Rule G(5)(b). "Failure to comply with these requirements leaves a claimant without standing to challenge the forfeiture." *United States v. $15,701.97 U.S. Currency*, No. 09-cv-3437, 2010 WL 3418246, at *1 (E.D. La. Aug. 23, 2010) (Fallon, J.).

Here, the record reflects that the Government filed its Verified Complaint For Forfeiture *In Rem* against the subject property on June 4, 2020, (Doc. 1), and that Claimant thereafter filed his Verified Claim on August 31, 2020, (Doc. 6). Since filing his Verified Claim, however, Claimant has *not* filed an answer. Having failed to file an answer, Claimant lacks standing to seek a stay of these proceedings. *$15,701.97 U.S. Currency*, 2010 WL 3418246, at *1.

Accordingly,

**IT IS ORDERED** that Claimant's Motion To Stay Civil Proceeding Pursuant To 18 USC § 981(g)(2) (Doc. 8) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

misrepresentation.